## STATE ex rel. ELWOOD v. MAHONEY et al.

District Court, E. D. Washington, S. D. April 13, 1940.

Warren Elwood, pro se.

NETERER, District Judge.

Petitioner swears that he is a pauper and requests filing of his petition without fee. Let it be filed that record of this proceeding be preserved.

He prays a writ of habeas corpus directing the Warden of the State Penitentiary to produce petitioner before this Court to inquire into alleged illegal confinement, and that upon hearing he be discharged. This prayer must be denied.

The petitioner states that on February 20th, 1937, he was convicted by a "duly impaneled jury for the crime of burglary in the second degree;" that on March 13, 1937, he was brought before the trial Judge; that upon motion of the prosecuting attorney imposition of sentence was deferred, petitioner having requested through his attorney that judgment be entered and sentence imposed upon the verdict of the jury; that on August 5th, following, imposition of sentence was imposed by another Judge of the same Court; that more than 90 days had elapsed from the time of his conviction and his demand that sentence be imposed; that section 20, Art 4 of the State Constitution provides: "every

case submitted to a judge of a superior court for his decision shall be decided \* \* within ninety days from the submission thereof;" that imposition of the sentence at the time was without the "due process" clause of the 14th amendment of the Constitution of the United States, which provides: "nor shall any State deprive any person of life, liberty, or property, without due process of law."

Petitioner also says "the Supreme Court of the State of Washington denied Relator his inherent constitutional right and privilege to file for a writ of habeas corpus in Forma Pauperis in this matter."

Not even intimating that Sec. 20, Art. 4, supra, has application, it is obvious that this Court is without jurisdiction. The petitioner, if a right was violated by a State Court imposing sentence, it was his right and duty to appeal to the Supreme Court of the State, and if he felt the Supreme Court of the State denied him a right given him by the Constitution of the United States, he had the right to appeal to the Supreme Court of the United States. He was represented by his attorney at the time of the act of the State Court complained of, and may not now seek relief from this Court in the nature of appeal from the orders of the State Trial Court. State of Minnesota ex rel. Charles Edwin Pearson app. v. Probate Court of Ramsey County, Minnesota et al., 60 S.Ct. 523, 84 L.Ed. ——, Feb. 26, 1940.

This Court is without jurisdiction.